*Board of Envtl. Protection,* 452 A.2d 1202, 1207–

**STATE of Maine**

v.

**Joseph MORAN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 29, 1991.
Decided Nov. 13, 1991.

Neale T. Adams, Dist. Atty., Caribou, for plaintiff.

Candy Gonzales, Houlton, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Justice.

Defendant Joseph Moran appeals the judgment of the Superior Court (Aroostook County, *Pierson, J.*) affirming his conviction entered by the District Court (Houlton, *Griffiths, J.*) on a charge of operating a motor vehicle when his right to operate a motor vehicle was suspended, 29 M.R.S.A.

08 (Me.1982).

§ 2184 (1978 & Supp.1990). Moran's only viable contention on appeal [1] is that his operation of an all-terrain vehicle (ATV) in crossing a public way is not a violation of section 2184. We reject that contention.

In September 1990 Moran, while operating an ATV, entered the Old Foxcroft Road in Houlton for the limited purpose of crossing to an ATV trail on the other side. While on that public way his ATV collided with another vehicle. At the time, Moran's license and right to operate a motor vehicle were suspended as a result of his previous conviction for operating under the influence, 29 M.R.S.A. § 1312–B (Supp.1990). The State charged Moran with violating 29 M.R.S.A. § 2184, which makes it unlawful for a person to knowingly "operate a motor vehicle on any public way ... in this State at a time when that person's license or ... right to operate ... has been suspended."

Under the undisputed facts, Moran's conduct was plainly a violation of section 2184. The term "motor vehicle" as used in section 2184 is defined by 29 M.R.S.A. § 1(7) (Supp.1990) to include an ATV whenever it is operated on a public way such as the Old Foxcroft Road.[2] Contrary to Moran's contention, no exception is made for motor vehicles operated on public ways in a direction perpendicular to the usual route of travel.

The entry is:

Judgment affirmed.

All concurring.

---

1. Moran also contends that he was denied his constitutional right to a jury trial. Because he did not raise that issue in the Superior Court, we decline to consider it here. *See State v. Boilard,* 488 A.2d 1380, 1391 (Me.1985).

2. For purposes of title 29, "motor vehicle" is defined as

any self-propelled vehicle not operated exclusively on tracks, but not including snowmobiles as defined in Title 12, section 7821, and all-terrain vehicles as defined in Title 12, section 7851, unless the all-terrain vehicle is registered for highway use by the Secretary of State under this Title. *Notwithstanding any*

*other provision of law, whenever an all-terrain vehicle is operated on a way as defined in section 1, subsection 21 [to include "all kinds of public ways"], then that all-terrain vehicle shall be subject to all provisions of this Title,* except chapters 5, 7, 9, 21, 23 and 25, and chapter 22, sections 2502 through 2525.

29 M.R.S.A. § 1(7) (Supp.1990) (emphasis added). Given that section 2184 is located in chapter 15 of title 29 and hence is not excepted from the scope of the emphasized language, an ATV is a motor vehicle for purposes of 29 M.R.S.A. § 2184.