STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-09

HARRY LANGIS,

    Petitioner

v.

STATE OF MAINE,

    Respondent

DECISION ON APPEAL

DONALD L. GARBRECHT
LAW LIBRARY

JUL 18 2002

This matter comes before the court on Harry Langis's petition for review of a Bureau of Motor Vehicles (BMV) Hearing Officer Decision pursuant to M.R. Civ. P. 80C. The hearing officer decision in question upheld the administrative suspension of the petitioner's motor vehicle driver's license.

### Facts

On November 7, 2001, a Kennebec County Deputy Sheriff responded to a report of an accident on Route 32 in Windsor. When the Deputy arrived at the scene, he saw an overturned all terrain vehicle (ATV) in the middle of the road and the petitioner being loaded into an ambulance. No one at the scene had seen the accident occur. Langis was taken to MaineGeneral Medical Center where he agreed to a blood alcohol test, which came back at 0.21%.

The deputy summonsed Langis for operating an ATV under the influence of alcohol and also sent a report to the Secretary of State stating that Langis operated a motor vehicle while under the influence. This latter report resulted in a notice of

1

suspension of Langis's right to operate all motor vehicles. Langis requested a hearing, after which the hearing officer upheld the suspension, finding that there was probable cause to believe Langis was the operator of the ATV and that his blood alcohol context was excessive. The hearing officer also found that the ATV was being operated on the main travel lane of Route 32, thereby bringing it within the scope of Title 29-A Motor Vehicle Statutes. Langis filed a timely appeal of the hearing officer's decision.

## Discussion

On appeal pursuant to M.R. Civ. P. 80C, the Superior Court is to review the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *See Centamore v. Dep't of Human Services*, 664 A.2d 369, 370 (Me. 1995). From the present appeal, the petitioner contends that the hearing officer erred as a matter of law (1) in finding that the petitioner was operating a motor vehicle on a way, (2) in relying on expert testimony without adequate foundation, and (3) in upholding the administrative decision to suspend the petitioner driver's license in excess of statutory authority.

In his first argument, petitioner calls into question whether he was in fact the "operator" in this case. Although there was no eye witness to the accident, there is considerable circumstantial evidence in the record to support the finding that Langis was the operator. The petitioner seems to imply that the evidence failed to disprove that someone else might have been the operator, but it is not the BMV's burden to disprove a negative.

2

A second portion of the first argument is whether the ATV was being operated on a public way in light of the permission given for such operation in 12 M.R.S.A. § 7857(24)(D). There can be no question that Route 32 is a public way and that the overturned ATV was located in the middle of the highway. Section 7857(24)(D) permits an ATV operator to drive on a public way for 300 yards or less in order to cross the way from one trail head to another. An ATV does not have to be registered as a motor vehicle in order to be driven on a public way for this limited purpose, but the exception does not excuse the operator from obeying all motor vehicle laws while making the transit or from operating while under the influence of alcohol. While the ATV is operated on the way, it is considered a "motor vehicle" for purposes of Title 29-A. *State v. Moran*, 598 A.2d 1189 (Me. 1991).

The petitioner's second argument claims that the hearing officer had insufficient evidence on which to base her finding that the "ATV traveled down the main travel lane of Route 32 in Windsor for . . . at least 50 to 100 feet." These conclusions were based upon the testimony of the deputy sheriff who investigated the accident. The petitioner objects to this testimony based on a lack of foundation for the deputy's opinion testimony. The deputy was not presented as being certified as an accident reconstructionist, however, his testimony was such that it was reasonable for the hearing officer to rely on his observations and analysis and statements taken from people at the scene in arriving at the conclusion that the petitioner was the operator of the ATV and that he traveled on Route 32 for at least some distance. This testimony "is the kind of evidence upon which reasonable

persons are accustomed to rely in the conduct of serious affairs" and thereby may be considered in administrative hearings. 5 M.R.S.A. § 9057(2).

In addition, the Secretary of State's decision was not in excess of his statutory authority. Once it was established that the ATV was operating on a public way, it fell clearly under the statutory definition of motor vehicle and all of the statutes and the jurisdiction conferred in Title 29-A became applicable.

The petitioner also claims the hearing officer relied on an adverse inference drawn from the petitioner's silence at the hearing, but there is no evidence the court can find that any such inference was drawn. Nor does the court find that the hearing officer's initial confusion as to whether the subject matter was an ATV or a snowmobile impacs the factual basis and legality of the decision.

For the reasons stated above, the entry will be:

Appeal DENIED; decision of the hearing officer is AFFIRMED; REMANDED to the Bureau of Motor Vehicles.

Dated: July 5, 2002

_____
S. Kirk Studstrup
Justice, Superior Court

4

ƒ

Date Filed __2/21/02_____ ___Kennebec_____ Docket No. __AP02-09_____
County

Action ____Petition for Review_____
80C

# J. STUDSTRUP

Harry Langis                                    vs.    State of Maine, Motor Vehicle

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| C.H. Spurling, Esq.<br>Two Church Street<br>Gardiner, Maine 04345-2126 | ~~Kerry O'Brien, AAG~~<br>6 State House Station<br>Augusta ME 04333-0006<br>Pamela W. Waite, AAG<br>William H. Laubenstein, III, Esq. |

| Date of Entry | |
|---|---|
| 2/21/02 | Petition for Review of Final Agency Action, filed. s/Spurling, Esq. |
| 2/25/02 | Application for Stay, filed. s/Spurling, Esq. |
| 2/27/02 | Letter of Appearance for the State of Maine and request the court to affirm the Secretary of State's decision, filed. s/K. O'Brien, AAG. |
| 3/6/02 | Letter entering appearance, filed. s/Waite, AAG  Informing the court that Kerry O'Brien has resigned from office. |
| 3/21/02 | Administrative Record, filed. s/Waite, AAG. |
| 3/22/02 | APPLICATION FOR STAY, Marden, J. (dated 3/21/02)<br>Without objection motion GRANTED, suspension is STAYED pending this judicial review.<br>Copies mailed to attys of record. |
| | Notice of briefing schedule mailed to attys of record. |
| 4/1/02 | Defendant's Motion for Reconsideration and Opposition to Plaintiff's Application for Stay, filed. s/Waite, AAG. |
| 4/19/02 | Plaintiff's Opposition to Motion for Reconsideration, filed. s/Spurling, Esq |
| 4/23/02 | Brief of Appellant, filed. s/Spurling, Esq. |
| 4/24/02 | DEFENDANT'S MOTION FOR RECONSIDERATION, Marden, J.<br>Reconsideration GRANTED; since an AG or counsel for State of Maine is required, set motion for stay for hearing.<br>Copies mailed to attys of record. |
| | Notice of setting of hearing on application for stay for 5/8/02 at 8:45 a.m. sent to attys of record. |
| 4/26/02 | Motion to Continue, filed. s/Spurling, Esq. |
| 4/29/02 | Defendant's Reply to Plaintiff's Opposition to Motion for Reconsideration, filed. s/Waite, AAG.<br>Proposed Order, filed. |